**Daniel George CORRING, Plaintiff–Appellant**

v.

**PEARL RIVER COUNTY; Rita Lumpkin, Defendants–Appellees.**

**No. 13–60094**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 20, 2013.

Daniel George Corring, Wiggins, MS, pro se.

Brenda Greer Long, Esq., Kristi Rogers Brown, Esq., Daniel, Coker, Horton & Bell, P.A., Gulfport, MS, James Scott Rogers, Scott, Sullivan, Streetman, & Fox, P.C., Douglas G. Mercier, Simmons Law Group, P.A., Ridgeland, MS, for Defendants–Appellees.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Daniel George Corring, Mississippi prisoner # 170298, appeals the dismissal on summary judgment of his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated by the defendants' deliberate indifference to his serious medical needs when he was a detainee in the Pearl River County jail. We affirm.

We find no basis in the record for crediting the complaint's conclusory contentions that Rita Lumpkin was deliberately indifferent to Corring's medical needs. See Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir.2007). The record shows at most that Corring disagreed with Lumpkin about his treatment regimen or that she was arguably negligent or committed malpractice, none of which constitutes a sufficient basis for casting Lumpkin in judgment under § 1983. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir.1999); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir.1995). Additionally, as Corring failed to establish an underlying constitutional violation by Lumpkin, i.e., deliberate indifference by her to his serious medical needs, Pearl River County cannot be liable on his theory that it had an official policy of failing to train its agents. See Hare v. City of Corinth, Miss., 74 F.3d 633, 649 n. 4 (5th Cir.1996) (en banc).

The judgment is AFFIRMED. Corring's motions for oral argument and for appointment of counsel are DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.